# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD MAKUNGU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:16-CV-86-TLS |
| ) | |
| MORNINGSIDE NURSING AND ) | |
| MEMORY CARE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Richard Makungu, a Plaintiff proceeding pro se, filed an Employment Discrimination Complaint [ECF No. 1] against the Defendant, Morningside Nursing and Memory Care. He also filed a Petition to Proceed Without Pre-Payment of Fees and Costs [ECF No. 2]. For the reasons set forth below, the Plaintiff's Petition is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S.

319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff's Petition establishes that he is unable to prepay the filing fee.

The inquiry does not end here, however. In assessing whether a petitioner may proceed IFP, a court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv.,*

*Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff's Complaint does not identify the federal statute under which this lawsuit is brought. (Compl. 1–2 (listing several federal statutes that provide a basis of claim and jurisdiction, with none of these statutes checked).) Despite this, the Plaintiff alleges that he is a "black African American not paid his wages even when he was cleared of an allegation." (Compl. 2 (emphasis omitted).) When directed to state the facts in support of his complaint, the Plaintiff directs the reader to "see attachments." (Compl. 2 (emphasis omitted).) These attachments are (1) a letter from the Indiana State Department of Health informing the Plaintiff about an allegation of abuse; (2) the Plaintiff's written statement submitted in response to the letter; (3) a letter from the Indiana State Department of Health stating that there is insufficient evidence to support an allegation of abuse and that no further action will be taken; and (4) a letter from the Plaintiff to his employer informing it of the investigation's conclusion and a request to be paid for the days he was suspended due to the investigation.

Because the Complaint identifies the Plaintiff's race, the Court construes his Complaint as alleging that the Defendant violated Title VII by discriminating against him on the basis of his race.[1] Title VII is premised on eliminating discrimination:

---

[1] The Plaintiff also does not indicate whether he filed a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission, nor does he attach a "Right to Sue Notice" from either of those entities. (Compl. 2.) Although a district court may not, at the screening phase, dismiss a complaint that alleges a Title VII claim because the plaintiff failed to exhaust administrative remedies, *Kenney v. Prime Recruiters Trucking Co.*, 611 Fed. App'x 370, 370 (8th Cir.

3

> It shall be an unlawful employment practice for an employer—
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C.A. § 2000e-2.

Even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint does not set forth any factual allegations that raise the Plaintiff's right to relief above the speculative level. Section IV of the form Complaint is designated as the "Facts in Support of Complaint." The Plaintiff—without reciting any factual allegations—refers to attachments showing that an investigation occurred, the Plaintiff was suspended without pay during that time, and the investigation was terminated without any finding of wrongdoing by the Plaintiff. Even the most liberal reading of the Complaint fails to reveal an inference of different or discriminatory treatment based on race, color, religion, sex, or national origin. Although the Complaint identifies the protected category to which the Plaintiff belongs and shows that he suffered adverse action by being suspended without pay, the Complaint does not state that he was harmed based on a protected category or in retaliation for engaging in protected activity. Because the Plaintiff does not identify the alleged motivation for the adverse action, the Complaint does not provide the Defendant with fair notice of what the claim is. Therefore, the Plaintiff's request to proceed without prepayment of fees will be denied, and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

2015) (per curiam); *McIntyre v. City of Wilmington*, 360 Fed. App'x 355, 356 (3d Cir. 2010) (per curiam), a defendant may raise a plaintiff's lack of a right-to-sue letter as an affirmative defense, *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001), subjecting the plaintiff's Title VII claim to possible dismissal at any time prior to the receipt of such a letter, *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991).

The deficiency in the Complaint is of the type that can be easily cured if the Plaintiff identifies the actions that were taken against him *because* of a protected status. *Cf. Tamayo,* 526 F.3d at 1084 (explaining that the pleading standard for "simple claims of race or sex discrimination" is minimal and requires only that the plaintiff aver that the employer instituted a certain adverse employment action against the plaintiff on the basis of sex or race). The Court will grant the Plaintiff until June 24, 2016, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, rather than just writing "see attachments," in Section IV of the form Complaint, which is titled "Facts in Support of Complaint," the Plaintiff should state the key facts supporting his claim. He should also provide citations to the attached exhibits as needed. If the Plaintiff elects to file an amended complaint, he must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended complaint by June 24, 2016, the Court will direct the Clerk to close this case.[2]

---

[2] As already discussed, it is unclear whether the Plaintiff actually intends to allege that he was subjected to racial discrimination. The Plaintiff my resolve this vagueness by completely filing out the form Complaint and/or adequately alleging a Title VII claim. The Court notes that if the Plaintiff is merely asserting that he should have been paid during the time he was suspended, this Court likely lacks subject matter jurisdiction to adjudicate the Plaintiff's claim. Federal courts are courts of limited jurisdiction, meaning that they possess only those powers granted by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Generally, a federal court cannot hear a case unless a plaintiff's claim invokes federal question jurisdiction or another independent statutory grant of jurisdiction to the district courts. However, a plaintiff may file a case in federal court alleging a violation of state law if the requirements of 28 U.S.C. § 1332 are met. As currently pled, the Plaintiff's Complaint does not allege a sufficient amount in controversy to fall within this statute. Further, although the Plaintiff lists a Michigan address, he does not plead his own citizenship—that is, where he is domiciled. If a federal court cannot hear the Plaintiff's claim, he may seek relief in a state court of competent jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Petition to Proceed Without Prepayment of Fees and Costs [ECF No.2], and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until June 24, 2016, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee.

SO ORDERED on May 18, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION